State v. Estes

No. 7920SC1118

(Filed 6 May 1980)

**Safecracking § 4— instructions—use of safe for money or valuables**

In a prosecution for safecracking and attempted safecracking which occurred on 13 December 1976, the trial court erred in failing to charge the jury that the safe must have been used for storing money or other valuables, since such use was an element of the crimes charged under G.S. 14-89.1 on the dates they were committed.

APPEAL by defendant from *Seay, Judge.* Judgment entered 9 July 1979 in Superior Court, UNION County. Heard in the Court of Appeals 16 April 1979.

Defendant was convicted on charges of safecracking, attempted safecracking, felonious breaking and entering, and larceny. The State's evidence tended to show that Exom David Oldham, Jr., Ray Cummings, and the defendant drove to Monroe

where they planned to break into the Electric Membership Corporation. Estes stayed in the car with a walkie-talkie, and Oldham and Cummings forced their way into the building, drilled two holes in the vault door, ripped off the combination and handle, but were unable to break into the vault. Thereafter, the two — Oldham and Cummings — broke open the night depository, took some money and divided it with the defendant. Defendant offered no evidence. Upon conviction, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Joe P. McCollum, Jr., for the defendant appellant.*

HILL, Judge.

Defendant brings forward five assignments of error, but we consider one question to be dispositive.

The defendant contends the trial judge committed prejudicial error by failing to instruct the jury on the elements of the crime of safecracking and attempted safecracking as was the law on 13 December 1976.

G.S. 14-89.1 on the date of the crime provided:

Any person who shall by the use of explosives, drills or tools unlawfully force open or attempt to force open or 'pick' the combination of a safe or vault *used for storing money or other valuables* shall, upon conviction thereof, receive a sentence . . . . (Emphasis added.)

The statute was amended by the legislature in 1977, and the words "used for money or other valuables" were omitted. The trial judge based his instruction on this law. The State contends that this Court should take judicial notice that a vault, a safe, or a depository box are, through common usage and understanding, the customary receptacles in which money and valuables are kept.

The law on 13 December 1976 included an element additional to the law that was the basis of the trial judge's instruction. In *State v. Hill,* 272 N.C. 439, 443, 158 S.E. 2d 329 (1968), Justice Lake in writing an opinion as to the law of safecracking at that time stated, "the General Assembly has seen fit to provide for the imposition of a sentence of imprisonment up to life upon con-

viction of the offense there described. It has made an element of that offense the fact that the safe forced open be one 'used for storing money or other valuables.' "

The judge erred to the prejudice of the defendant. He should have included in his charge all of the elements of the crime as it was defined in 1976. Because a new trial must be granted in this case, we do not consider the other questions.

For the reasons set out above, the defendant must be granted a

New trial.

Judges MARTIN (Robert M.) and WEBB concur.